**FARAH LAW, P.C.**
Neda Farah (State Bar No. 269819)
8383 Wilshire Boulevard
Suite 510
Beverly Hills, California 90211
Telephone: 310-666-3786
Facsimile: 775-261-1726
E-Mail: neda@nedafarahlaw.com
*Attorney for the Plaintiffs*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARA WONG and RANDALL WONG, <br><br> Plaintiffs, <br><br> v. <br><br> VALENTINE & KEBARTAS, LLC, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR DAMAGES** <br><br> **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.** <br><br> **2. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ.** <br><br> **3. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.** <br><br> **DEMAND FOR JURY TRIAL** |

**COMPLAINT**

NOW COME Plaintiffs, CARA WONG ("Mrs. Wong") and RANDALL WONG ("Mr. Wong") (collectively, "Plaintiffs") by and through their attorneys, FARAH LAW, P.C., complaining as to the conduct of VALENTINE & KEBARTAS, LLC ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiffs bring this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA")

under 47 U.S.C. §227 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*, for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 47 U.S.C. § 227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiffs' state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of California.

## PARTIES

4. Plaintiffs are consumer[s] over the age of 18 residing in Sacramento County, California, which is located within the Eastern District of California.

5. Plaintiffs are natural "person[s]" as defined by 47 U.S.C. §153(39).

6. Defendant "is an industry leader in the fields of accounts receivable and collection services."[1] Defendant is a third party debt collector located 15 Union Street, Suite 202, Lawrence, Massachusetts 01840. Defendant's registered agent is Cogency Global Inc. who is located at 45 School Street, Suite 202, Boston, Massachusetts 02108. Defendant regularly collects upon consumers located within the State of California.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

---

[1] https://valentineandkebartas.com/vk-difference/

2

**FACTS SUPPORTING CAUSES OF ACTION**

9. The instant action stems from Defendant's attempts to collect upon defaulted medical bills that were purportedly defaulted upon by Mr. Wong ("subject debt").

10. Upon information and belief, after the subject debt was purportedly in default, the subject debt was assigned to Defendant for collection purposes.

11. For the last several months, Plaintiffs have been receiving calls to their cellular phones, (916) XXX-9919 and (916) XXX-0529, from Defendant.

12. At all times relevant to the instant action, Mr. Wong was the sole subscriber, owner, and operator of the cellular phone ending in -9919, and Mrs. Wong was the sole subscriber, owner, and operator of the cellular phone ending in -0529. Plaintiffs are and always have been financially responsible for the cellular phone and its services.

13. Defendant has mainly used the phone number (279) 399-2439 when placing calls to Plaintiffs' cellular phones, but upon information and belief, Defendant has used other phone numbers as well.

14. Upon information and belief, the above-referenced phone number ending in -2439 is regularly utilized by Defendant during its debt collection activity.

15. Upon answering phone calls from Defendant, Plaintiffs experience a noticeable pause, lasting a handful of seconds in length, and often have to say "hello" several times before they are connected with a live representative.

16. Plaintiffs, through their contacts with Defendant, were advised that Defendant was acting as a debt collector attempting to collect upon the subject debt.

17. Mrs. Wong informed Defendant's representatives that as a result of Mr. Wong's cancer battle, Plaintiffs are unable to make payment and requested that Defendant stop calling her and Mr. Wong.

18. Rather than understanding Plaintiffs' condition and financial situation, Defendant's representatives continued placing systematic phone calls, and persisted with their coercive attempts at extracting payment from Plaintiff.

19. For instance, on or about November 4, 2020, Mrs. Wong reiterated her demands that Defendant stop calling, but yet, Defendant placed another call to her cellular phone mere hours later.

20. In an effort to harass Plaintiffs into submission, Defendant placed another call to Mr. Wong that same day, despite knowing that he was undergoing cancer treatment and did not wish to receive further calls.

21. Despite Plaintiffs' demands, Defendant has continued to systematically place phone calls to Plaintiffs' cellular phones seeking collection of the subject debt, including multiple times during the same day.

22. Plaintiffs have received at least 13 phone calls from Defendant since asking it to stop calling.

23. Due to Defendant's conduct, Plaintiffs were forced to hire counsel and their damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

24. Due to Defendant's conduct, Plaintiffs are entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

25. Plaintiffs have been unfairly and unnecessarily harassed by Defendant's actions. Especially in light of Mr. Wong's devastating cancer battle, Defendant's phone calls only exacerbated Plaintiffs' stress and general well-being.

26. Plaintiffs have suffered additional concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies collection telephone

calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of their telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on their cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiffs repeat and reallege paragraphs 1 through 26 as though full set forth herein.

28. Plaintiffs are "consumer[s]" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

29. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

30. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

31. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**a. Violations of FDCPA §1692c(a)(1) and §1692d**

32. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

33. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiffs after being notified to stop. Despite being informed that Mr. Wong was undergoing cancer treatment and that Plaintiffs were unable to address the debt, Defendant continued its persistent efforts to collect upon the debt. This prompted Plaintiffs to demand that Defendant stop calling. Even still,

Defendant called Plaintiffs at least 13 times after being told to stop. This repeated behavior of systematically calling Plaintiffs' phones in spite of their demands was harassing and abusive. The frequency and nature of calls, including multiple calls during the same day, shows that Defendant willfully ignored Plaintiffs' pleas with the goal of annoying and harassing them.

34. Defendant was notified by Plaintiffs that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiffs.

### b. Violations of FDCPA § 1692e

35. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

36. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

37. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiffs informed Defendant of the financial and physical hardships they were facing, as well as their demands that Defendant stop contacting them, Defendant continued to place automated calls to Plaintiffs' cellular phones in a deceptive attempt to force Plaintiffs to answer and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiffs that it had the legal ability to contact them via an automated system when it no longer had consent to do so.

### c. Violations of FDCPA § 1692f

38. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

39. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiffs over one dozen times after being notified to stop, as well as by contacting Plaintiffs multiple times in the same day after explicitly being told to stop calling. Attempting to coerce Plaintiffs into payment by placing systematic phone calls without their permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiffs.

40. As pled in paragraphs 23 through 26, *supra,* Plaintiffs have been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiffs, CARA WONG and RANDALL WONG, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiffs statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiffs actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiffs seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

41. Plaintiffs repeat and reallege paragraphs 1 through 40 as though fully set forth herein.

42. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or prerecorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment

which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

43. Defendant used an ATDS in connection with its communications directed towards Plaintiffs' cellular phone.  The noticeable pause, lasting a handful of seconds in length, which Plaintiffs experience during answered calls, and the fact that Plaintiffs have to repeatedly state "hello" before they are connected with a live representative, is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant's continued contacts to Plaintiffs' cellular phones after Plaintiffs demanded that the phone calls stop further demonstrates Defendant's use of an ATDS.  Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

44. Upon information and belief, the system employed by Defendant to place phone calls to Plaintiffs' cellular phone has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

45. Defendant violated the TCPA by placing at least 13 phone calls to Plaintiffs' cellular phone using an ATDS messages without their consent. Any consent that Plaintiffs *may* have given to the originator of the subject debt, which Defendant will likely assert transferred down, was specifically revoked by Plaintiffs' demands that it cease contacting them.

46. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

47. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiffs, CARA WONG and RANDALL WONG, respectfully request that

this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiffs damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiffs costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

48. Plaintiffs restate and reallege paragraphs 1 through 47 as though fully set forth herein.

49. Plaintiffs are "person[s]" as defined by Cal. Civ. Code § 1788.2(g).

50. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

51. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.10 -1788.17**

52. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

53. As outlined above, through its continuous attempts to collect upon the subject debt, Defendant violated 1788.17; and §§1692d, e, and f. Defendant engaged in a harassing, deceptive and unconscionable campaign to collect from Plaintiffs through the implicit misrepresentations made on phone calls placed to Plaintiffs' cellular phone. Through its conduct, Defendant misleadingly represented to Plaintiffs that it had the lawful ability to continue contacting their cellular phones using an automated system absent their consent. Any lawful ability was revoked upon Plaintiffs demanding that Defendant stop calling their cellular phones, illustrating the

9

deceptive nature of Defendant's conduct. Moreover, Defendant's actions were deceptive and unfair as it continued to barrage Plaintiffs with collection phone calls, including a number of phone calls during the same day, despite having knowledge that these calls were unwanted.

54.  Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts.  Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiffs statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiffs, CARA WONG and RANDALL WONG, respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiffs actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiffs statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiffs costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further contacting Plaintiffs; and

f. Award any other relief as the Honorable Court deems just and proper.

DATED this 16th day of November, 2020.        Respectfully submitted,

By: /s/ Neda Farah
**FARAH LAW, P.C.**
8383 Wilshire Boulevard
Suite 510
Beverly Hills, California 90211
Telephone: 310-666-3786
Facsimile: 775-261-1726
E-Mail: neda@nedafarahlaw.com
*Counsel for Plaintiffs,*
*Cara Wong & Randall Wong*